Opinion issued September
24, 2009

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-08-00186-CR

 



 

KENNY HUBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1145774

 

 



CONCURRING AND DISSENTING OPINION

Charged with possession of a firearm
by a felon, appellant was acquitted. Charged with possession of the drugs found
within inches of that
same firearm, he was
convicted. That a person can be convicted of possession of a controlled substance on
such tenuous connections is disturbing, and our jurisprudence should not abide
such a result. 

The jury determined that appellant’s
recent presence at the house in which a gun and drugs were found—a house that the evidence suggested was not
his, but his brothers’—coupled with the presence of (1) a medical
statement and two bank statements (all listing other addresses than where the
gun and drugs were found), a 2002 Lamar College course certificate, and a birth
certificate, found in the corner of a closet shelf in the vicinity of the gun
and vial of drugs, and (2) a cell phone bill and wire transfer receipt found in
other parts of the house (also listing other addresses), were sufficient “links” to find appellant guilty beyond a
reasonable doubt of drug possession, but not the firearm possession.

I recognize that when the evidence at
trial is viewed in the light most favorable to the verdict, and resolving all
inferences in favor of the verdict, a jury could have found that there were
sufficient links between appellant and the controlled substance to find that he
knowingly possessed the PCP.

          However, viewing the
evidence at trial in a neutral light, the record shows that:

(1)     there was no testimony that appellant
actually resided in the house and he never admitted to living at that address; 

 

(2)     there was testimony that appellant had quite
recently lived elsewhere (with his girlfriend) and all documents found
at the house with his name listed other addresses (his grandmother’s or his
girlfriend’s);

 

(3)     there was evidence that his brothers
were living in the house, and drugs and paraphernalia were found in a room in
which personal items belonging to one of his brothers were found;

 

(4)     incriminating forensic evidence in the case
was limited to a single fingerprint lifted from a vial of drugs in the kitchen,
which print belonged to appellant’s brother, not appellant;

 

(5)     there was testimony that the car in which some
of the PCP was found was registered to someone other than appellant, and there
was no evidence that appellant ever actually used that car; 

 

and, most significantly,

 

(6)     two other people
were seen leaving the area of the residence between the time appellant left and
the police executed the warrant, searched the house, and found the drugs and
gun.  One was seen actually leaving the house, and the other was seen walking
down the driveway, the latter being seen as late as 3:30 p.m., approximately
two and one-half hours after appellant Hubert had driven away and had
been arrested minutes thereafter.

 

In light of these facts, I would hold
that evidence at trial demonstrating links between appellant and the drugs is
so weak that the verdict is clearly wrong and manifestly unjust.  

That someone with access to
that house possessed drugs and, possibly, was even dealing drugs, is not
sufficient to convict appellant of such crimes. The evidence in the
record linking appellant to the PCP is simply not enough to establish
possession. The State proved
no more than a mere probability or strong suspicion, if that, that appellant
possessed the PCP.  “Proof amounting to only strong suspicion or mere probability
will not suffice” to support a conviction for possession. See Roberson v.
State, 80 S.W.3d 730, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Possession means more than merely “being
where the action is.” Meeks v. State, 692 S.W.2d 504, 511 (Tex. Crim. App.
1985) (quoting Wilkes v. State, 572 S.W.2d 538, 540 (Tex. Crim. App. 1978)).

I, therefore, concur with the portion
of the majority’s opinion holding that the evidence is legally sufficient, but
dissent to the portion of the opinion holding that the evidence is factually
sufficient.  I would hold that the evidence is factually insufficient to link
appellant to the PCP, reverse appellant’s conviction, and remand this cause for
a new trial. 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Judges Bland,
Sharp, and Taft.

Publish.  Tex. R. App. P. 47.4